# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA

JESSICA PARM on Behalf of
Herself and All Other Similarly
Situated,

        Plaintiff,

        vs.

NATIONAL BANK OF
CALIFORNIA, N.A.,

        Defendant.

**CIVIL ACTION NO.**  4:14-cv-320-HLM

**DEFENDANT NATIONAL BANK OF
CALIFORNIA, N.A.'S ANSWER TO
CLASS ACTION COMPLAINT**

{00480679;v5 }

## ANSWER

Defendant NATIONAL BANK OF CALIFORNIA ("NBCal") hereby timely files this Answer to the Complaint filed by Plaintiff JESSICA PARM on Behalf of Herself and All Other Similarly Situated (collectively "Plaintiff") filed on December 23, 2014 [docket # 1].

### AFFIRMATIVE DEFENSES

Without assuming any burden of proof that it would not otherwise bear, as for its Affirmative and/or Other Defenses, NBCal states as follows:

## First Defense

### (Failure to State a Claim)

The Complaint, and each claim for relief therein, fails to state claims upon which relief can be granted.

## Second Defense

### (Waiver)

Plaintiff has waived any claims she may have had against NBCal, and she is, therefore, barred from pursuing the statutory and common law claims asserted in this action.

## Third Defense

### (Estoppel)

Plaintiff's claims, and the claims of the putative class and sub-class she purports to represent, are barred in whole or in part by the doctrine of estoppel.

## Fourth Defense

### (Unclean Hands)

Plaintiff's claims, and the claims of the putative class and sub-class she purports to represent, are barred in whole or in part by the doctrine of unclean hands.

## Fifth Defense

### (Preemption)

The Complaint is barred, in whole or in part, by the doctrine of preemption.

## Sixth Defense

### (Laches)

Plaintiff's claims, and the claims of the putative class and sub-class she purports to represent, are barred in whole or in part by the doctrine of laches.

**Seventh Defense**

**(Failure to Mitigate)**

Plaintiff, and the putative class and sub-class she purports to represent, has failed to mitigate damages, if in fact any damages have been or will be sustained, and any recovery by Plaintiff, and the putative class and sub-class she purports to represent, must be reduced or barred by reason thereof.

**Eighth Defense**

**(Standing)**

Plaintiff, and the putative class and sub-class she purports to represent, lack standing to pursue the claims alleged in the Complaint.

**Ninth Defense**

**(Compliance with Governing Statutes, Laws, Regulations and Guidelines)**

NBCal is not liable to Plaintiff, or the putative class and sub-class she purports to represent, by reason of its compliance with applicable statutes, laws, regulations and guidelines.

## **Tenth Defense**

### **(Contractual Limitation)**

NBCal's liability in this action, if any, is limited pursuant to all applicable language, contracts, covenants, conditions, restrictions, and bylaws operating as between the parties or the language, loan agreements, contract or contracts pursuant to which NBCal performed which are the subject of this action.

## **Eleventh Defense**

### **(Consent/Ratification)**

Plaintiff, and the putative class and sub-class she purports to represent, consented to all of NBCal's acts or omissions which give rise to the occurrences alleged in the Complaint, and subsequently ratified that conduct.

## **Twelfth Defense**

### **(Damages Speculative)**

Plaintiff's alleged damages, and the alleged damages of the putative class and sub-class, are speculative or uncertain and, therefore, not compensable, in whole or in part.

## Thirteenth Defense

### (Comparative Fault or Contributory Negligence)

Plaintiff, and the putative class and sub-class she purports to represent, did not exercise ordinary care, caution or prudence in connection with the transactions and events alleged within the Complaint, and, therefore, Plaintiff, and the putative class and sub-class she purports to represent, are barred entirely from recovery against NBCal or, alternatively, should have their recovery, if any, proportionally reduced.

## Fourteenth Defense

### (Waiver of Right to Bring Class Action)

Plaintiff, and the putative class and sub-class she purports to represent, have contractually waived any right to participate in a class action lawsuit.

## Fifteenth Defense

### (Waiver of Right to Jury Trial)

Plaintiff, and the putative class and sub-class she purports to represent, have contractually waived any right to a jury trial.

**Sixteenth Defense**

**(Benefits of Transaction Accepted)**

Plaintiff, and the putative class and sub-class she purports to represent, are precluded from recovery because they accepted the benefits of the transactions at issue.

**Seventeenth Defense**

**(Res Judicata)**

Plaintiff's claims, and the claims of the putative class and sub-class she purports to represent, are barred, in whole or in part, by the doctrines of res judicata and/or release.

**Eighteenth Defense**

**(Adequate Remedy at Law)**

The claims of Plaintiff, and the putative class and sub-class she purports to represent, for injunctive relief and/or for restitution are barred in light of the fact that Plaintiff, and the putative class and sub-class she purports to represent, have an adequate remedy at law.

## Nineteenth Defense

### (Acts of Third Parties)

This action is barred, in whole or in part, as a result of acts of third parties over whom NBCal had no control.

## Twentieth Defense

### (Unjust Enrichment)

This action is barred, in whole or in part, because any recovery by Plaintiff, and the putative class and sub-class she purports to represent, would result in unjust enrichment.

## Twenty-First Defense

### (Release or Relinquishment)

Plaintiff's claims are barred, in whole or in part, because Plaintiff released, relinquished, abandoned and gave up the rights and privileges, if any, that Plaintiff alleges in the Complaint.

**Twenty-Second Defense**

**(Invalid Class)**

This action is barred, in whole or in part, because the putative class and sub-class is overbroad and the putative class and sub-class members are not entitled to any recovery.

**Twenty-Third Defense**

**(Case Not Certifiable As Class Action)**

Neither this case, nor any part of it, may be certified as a class action pursuant to Fed. R. Civ. P. 23, Ga. Stat. Ann. § 16-17-3, or otherwise.

**Twenty-Fourth Defense**

**(Good Faith)**

This action is barred, in whole or in part, because NBCal always acted in good faith and with honesty in fact, and always observed reasonable commercial standards of fair dealing in the trade.

**Twenty-Fifth Defense**

**(Justification or Excuse)**

Plaintiff's claims are barred, in whole or in part, because NBCal was justified or excused in its action.

## **Twenty-Sixth Defense**

### **(No Damages)**

Plaintiff's claims are barred, in whole or in part, because NBCal has committed no acts or omissions causing damage to Plaintiff.

## **Twenty-Seventh Defense**

### **(No Proximate Cause)**

The challenged practices of NBCal were not the proximate cause of Plaintiff's injury, for reasons including that intervening acts of other parties directly and proximately cause the alleged damages.

## **Twenty-Eighth Defense**

### **(Voluntary Payment)**

This action is barred, in whole or in part, by the voluntary payment doctrine.

## **Twenty-Ninth Defense**

### **(Failure to Join an Indispensible Party)**

This action is barred because Plaintiff has failed to join an indispensable party pursuant to Fed. R. Civ. P. 19.

**Thirtieth Defense**

**(No Benefit Conferred by Plaintiff)**

Plaintiff has not identified a benefit she or any putative class or sub-class member has conferred on NBCal and she and they have not conferred any benefit on NBCal.

**Thirty-First Defense**

**(No Right to Relief Based on Quasi-Contract or Implied Contract)**

The claims asserted in the Complaint are barred to the extent those claims are based in quasi-contract or implied contract because Plaintiff and putative class and sub-class members entered into written loan agreements that expressly authorize the transactions about which Plaintiff now complains.

**Thirty-Second Defense**

**(Failure to Arbitrate; Breach of Arbitration Clause)**

Certain agreements between Western Sky Financial, LLC and Plaintiff, as well as agreements between Western Sky Financial, LLC and members of the putative class and sub-class, require the parties to arbitrate the claims asserted in this lawsuit against NBCal and preclude this lawsuit.

**Thirty-Third Defense**

**(No Duty Owed)**

NBCal does not and did not at any relevant time owe a duty to Plaintiff or any member of the putative class and sub-class, as plaintiff (and, upon information and belief, other members of the putative class and sub-class) has never been a depositor, borrower, or customer of NBCal.

**Thirty-Fourth Defense**

**(No Duties Based on NACHA or Regulatory Guidance)**

The clearinghouse rules governing ACH transactions, including the NACHA Operating Rules, and the federal regulatory guidance, including guidance by the FDIC and the OCC, do not confer any right or benefit upon any Receiver, including Plaintiff or any member of the putative class or sub-class, upon which any of Plaintiff's claims could be premised.

**Thirty-Fifth Defense**

**(Transactions Exempt)**

The alleged transactions are exempt or immune from Georgia usury laws, including the Georgia Payday Lending Act, by operation of federal law and/or principles of sovereign immunity.

## **Thirty-Sixth Defense**

### **(Choice of Law)**

The claims for relief based on the Georgia law are barred because Plaintiff's contract, and the contracts of putative class and sub-class members, contains a choice-of-law clause.

## **Thirty-Seventh Defense**

### **(No Private Right of Action)**

The claim for relief based on the Georgia Payday Lending Act, Georgia Code section 16-17-1 et seq. does not provide a private right of action for aiding and abetting.

## **Thirty-Eighth Defense**

### **(Statutes of Limitation)**

As Plaintiff's class and sub-class definition is unlimited as to time, some or all of the putative class and sub-class members' claims are barred by applicable statues of limitation.

## **Thirty-Ninth Defense**

## **(No Privity)**

Plaintiff's claims are barred, in whole or in part, because NBCal is not bound by contractual duties or obligations for lack of privity between Plaintiff and NBCal.

## **RESERVATION OF RIGHTS**

NBCal states that, following completion of discovery and investigation into this matter, additional defenses may become available. NBCal reserves the right to assert additional defenses that may be discovered in the course of these proceedings. NBCal further reserves the right to assert additional defenses, counterclaims, and claims for set-off regarding the claims of absent class and sub-class members in the event that this action is certified for class treatment.

Defendants respond to the separately numbered paragraphs of the Complaint as follows:

## INTRODUCTION[1]

### 1.

NBCal admits that Plaintiff brings this action as a class action on behalf of herself as well as on behalf of members of a purported class and sub-class relating to the use of the "ACH Network" or "Automated Clearing House" for the collection of debts Plaintiff alleges were unlawful, but denies that it was part of a scheme to collect unlawful debts and that this action may be maintained as a class action. Except as expressly admitted herein, NBCal denies each and every allegation contained in Paragraph 1 of the Complaint.

### 2.

NBCal admits that this is a civil action seeking monetary damages, restitution, and declaratory and injunctive relief from NBCal, but denies that it participated in a scheme to collect unlawful debts. Except as expressly admitted herein, NBCal denies each and every allegation contained in Paragraph 2 of the Complaint.

---

[1] The headings and subheadings of the Complaint are not allegations to which a response is required. To the extent any response is required, NBCal denies each and every allegation in the headings and subheadings of the Complaint.

3.

NBCal lacks information or knowledge sufficient to form a belief about the truth of the allegations in Paragraph 3 of the Complaint, and basing its denial on this ground, denies each and every allegation contained therein.

4.

Paragraph 4 of the Complaint includes legal conclusions to which no response is required. To the extent any response is required, NBCal lacks information or knowledge sufficient to form a belief about the truth of the allegations in Paragraph 4 of the Complaint, and basing its denial on this ground, denies each and every allegation contained therein.

5.

NBCal lacks information or knowledge sufficient to form a belief about the truth of the allegations in Paragraph 5 of the Complaint, and basing its denial on this ground, denies each and every allegation contained therein.

6.

NBCal admits that a merchant, including a non-bank lender, cannot transmit an entry to the ACH operator on the ACH Network on its own. Except as expressly admitted herein, NBCal lacks information or knowledge sufficient to form a belief

about the truth of the allegations in Paragraph 6 of the Complaint, and basing its denial on this ground, denies each and every allegation contained therein.

7.

NBCal denies each and every allegation contained in Paragraph 7 of the Complaint.

8.

NBCal admits that it serves as an Originating Depository Financial Institution ("ODFI") with respect to the ACH Network and that merchants, including non-bank lenders, cannot transmit an entry to the ACH operator on the ACH Network on its own, but NBCal denies that it entered into an agreement with a payday lender seeking to use the ACH Network to electronically process credit or debit transactions. Except as expressly admitted herein, NBCal denies each and every allegation contained in Paragraph 8 of the Complaint.

9.

NBCal denies each and every allegation contained in Paragraph 9 of the Complaint.

10.

NBCal denies each and every allegation contained in Paragraph 10 of the Complaint.

11.

NBCal admits that there are federal banking regulations and rules of the ACH Network which speak for themselves. Except as expressly admitted herein, NBCal denies each and every allegation contained in Paragraph 11 of the Complaint.

12.

NBCal denies each and every allegation contained in Paragraph 12 of the Complaint.

13.

NBCal denies each and every allegation contained in Paragraph 13 of the Complaint.

## **PARTIES**

### 14.

NBCal lacks information or knowledge sufficient to form a belief about the truth of the allegations in Paragraph 14 of the Complaint, and basing its denial on this ground, denies each and every allegation contained therein.

### 15.

NBCal admits that through April 30, 2016, it was a national banking association based in the State of California with main offices at 12121 Wilshire Blvd., 14th Floor, Los Angeles, California. Except as expressly admitted herein, NBCal denies each and every allegation contained in Paragraph 15 of the Complaint.

## **OTHER ENTITIES**

### 16.

NBCal lacks information or knowledge sufficient to form a belief about the truth of the allegations in Paragraph 16 of the Complaint, and basing its denial on this ground, denies each and every allegation contained therein.

17.

NBCal lacks information or knowledge sufficient to form a belief about the truth of the allegations in Paragraph 17 of the Complaint, and basing its denial on this ground, denies each and every allegation contained therein.

18.

NBCal lacks information or knowledge sufficient to form a belief about the truth of the allegations in Paragraph 18 of the Complaint, and basing its denial on this ground, denies each and every allegation contained therein.

19.

NBCal lacks information or knowledge sufficient to form a belief about the truth of the allegations in Paragraph 19 of the Complaint, and basing its denial on this ground, denies each and every allegation contained therein.

20.

NBCal lacks information or knowledge sufficient to form a belief about the truth of the allegations in Paragraph 20 of the Complaint, and basing its denial on this ground, denies each and every allegation contained therein.

21.

NBCal lacks information or knowledge sufficient to form a belief about the truth of the allegations in Paragraph 21 of the Complaint, and basing its denial on this ground, denies each and every allegation contained therein.

22.

NBCal lacks information or knowledge sufficient to form a belief about the truth of the allegations in Paragraph 22 of the Complaint, and basing its denial on this ground, denies each and every allegation contained therein.

23.

NBCal lacks information or knowledge sufficient to form a belief about the truth of the allegations in Paragraph 23 of the Complaint, and basing its denial on this ground, denies each and every allegation contained therein.

24.

NBCal lacks information or knowledge sufficient to form a belief about the truth of the allegations in Paragraph 24 of the Complaint, and basing its denial on this ground, denies each and every allegation contained therein.

25.

NBCal lacks information or knowledge sufficient to form a belief about the truth of the allegations in Paragraph 25 of the Complaint, and basing its denial on this ground, denies each and every allegation contained therein.

26.

NBCal admits that Paragraph 26 quotes portions of a ruling by this Court in another case (*Parnell v. CashCall, Inc*., No. 4:14-cv-00024-HLM) that speaks for itself, but NBCal alleges that the quotations omit additional relevant language. Except as expressly admitted herein, NBCal denies each and every allegation contained in Paragraph 26 of the Complaint.

27.

NBCal admits that Paragraph 27 and footnote 4 quote portions of a ruling by this Court in another case (*Parnell v. CashCall, Inc*., No. 4:14-cv-00024-HLM), by the Eleventh Circuit Court of Appeals in another case (*Inetianbor v. CashCall, Inc*., 768 F.3d 1346 (11th Cir. 2014)), and by the Seventh Circuit Court of Appeals in another case (*Jackson v. Payday Financial, LLC*, 764 F.3d 765 (7th Cir. 2014)), that speak for themselves, but NBCal alleges that the quotations omit additional

relevant language. Except as expressly admitted herein, NBCal denies each and every allegation contained in Paragraph 27 of the Complaint.

28.

Paragraph 28 of the Complaint includes legal conclusions to which no response is required. To the extent any response is required, NBCal lacks information or knowledge sufficient to form a belief about the truth of the allegations in Paragraph 28 of the Complaint, and basing its denial on this ground, denies each and every allegation contained therein.

29.

Paragraph 29 of the Complaint includes legal conclusions to which no response is required. To the extent any response is required, NBCal denies each and every allegation contained in Paragraph 29 of the Complaint.

30.

NBCal lacks information or knowledge sufficient to form a belief about the truth of the allegations in Paragraph 30 of the Complaint, and basing its denial on this ground, denies each and every allegation contained therein.

31.

NBCal lacks information or knowledge sufficient to form a belief about the truth of the allegations in Paragraph 31 of the Complaint, and basing its denial on this ground, denies each and every allegation contained therein.

32.

NBCal lacks information or knowledge sufficient to form a belief about the truth of the allegations in Paragraph 32 of the Complaint, and basing its denial on this ground, denies each and every allegation contained therein.

33.

NBCal lacks information or knowledge sufficient to form a belief about the truth of the allegations in Paragraph 33 of the Complaint, and basing its denial on this ground, denies each and every allegation contained therein.

34.

NBCal lacks information or knowledge sufficient to form a belief about the truth of the allegations in Paragraph 34 of the Complaint, and basing its denial on this ground, denies each and every allegation contained therein.

35.

NBCal lacks information or knowledge sufficient to form a belief about the truth of the allegations in Paragraph 35 of the Complaint, and basing its denial on this ground, denies each and every allegation contained therein.

36.

NBCal denies each and every allegation contained in Paragraph 36 of the Complaint.

37.

NBCal lacks information or knowledge sufficient to form a belief about the truth of the allegations in Paragraph 37 of the Complaint, and basing its denial on this ground, denies each and every allegation contained therein.

## **JURISDICTION AND VENUE**

38.

Paragraph 38 of the Complaint includes legal conclusions to which no response is required. To the extent any response is required, based upon the dismissal of the claims for relief under 18 U.S.C. § 1961 et seq., NBCal denies each and every allegation contained in Paragraph 38 of the Complaint.

39.

Paragraph 39 of the Complaint includes legal conclusions to which no response is required. To the extent any response is required, NBCal admits that Plaintiff purports to base subject matter jurisdiction on the statute cited and further admits that this Court has subject matter jurisdiction based on 26 U.S.C. section 1332. Except as expressly admitted herein, NBCal denies each and every allegation contained in Paragraph 39 of the Complaint.

40.

Paragraph 40 of the Complaint includes legal conclusions to which no response is required. To the extent any response is required, based upon the dismissal of the claims for relief under 18 U.S.C. § 1961 et seq., NBCal denies each and every allegation contained in Paragraph 40 of the Complaint.

41.

Paragraph 41 of the Complaint includes legal conclusions to which no response is required. To the extent any response is required, NBCal admits that Plaintiff purports to base personal jurisdiction on the statute cited. Except as expressly admitted herein, NBCal denies each and every allegation contained in Paragraph 41 of the Complaint.

42.

Paragraph 42 of the Complaint includes legal conclusions to which no response is required. To the extent any response is required, NBCal admits that Plaintiff purports to base venue on the statute cited. Except as expressly admitted herein, NBCal lacks information or knowledge sufficient to form a belief about the truth of the remaining allegations in Paragraph 42 of the Complaint, and basing its denial on this ground, denies each and every remaining allegation contained therein.

## BACKGROUND FACTS

43.

NBCal admits that a merchant, including a non-bank lender, cannot transmit an entry to the ACH operator on the ACH Network on its own, but NBCal denies that it entered into an agreement with a payday lender seeking to use the ACH Network to electronically process credit or debit transactions. NBCal lacks information or knowledge sufficient to form a belief about the truth of the remaining allegations in Paragraph 43 of the Complaint, and basing its denial on this ground, denies each and every remaining allegation contained therein.

44.

NBCal admits that a merchant, including a non-bank lender, cannot transmit an entry to the ACH operator on the ACH Network on its own. Except as expressly admitted herein, NBCal denies each and every allegation contained in Paragraph 44 of the Complaint.

45.

NBCal lacks information or knowledge sufficient to form a belief about the truth of the allegations in Paragraph 45 of the Complaint, and basing its denial on this ground, denies each and every allegation contained therein.

46.

NBCal lacks information or knowledge sufficient to form a belief about the truth of the allegations in Paragraph 46 of the Complaint, and basing its denial on this ground, denies each and every allegation contained therein.

47.

NBCal lacks information or knowledge sufficient to form a belief about the truth of the allegations in Paragraph 47 of the Complaint, and basing its denial on this ground, denies each and every allegation contained therein.

48.

NBCal lacks information or knowledge sufficient to form a belief about the truth of the allegations in Paragraph 48 of the Complaint, and basing its denial on this ground, denies each and every allegation contained therein.

49.

Paragraph 49 of the Complaint includes legal conclusions to which no response is required. To the extent any response is required, NBCal lacks information or knowledge sufficient to form a belief about the truth of the allegations in Paragraph 49 of the Complaint, and basing its denial on this ground, denies each and every allegation contained therein.

50.

Paragraph 50 of the Complaint includes legal conclusions to which no response is required. To the extent any response is required, NBCal admits that Paragraph 50 paraphrases portions of statutes that speak for themselves, but NBCal alleges that the paraphrases omit additional relevant language, including qualifications and exceptions to the cited language, and NBCal specifically denies that a borrower is relieved of the obligation to pay the principal. Except as

expressly admitted herein, NBCal denies each and every allegation contained in

Paragraph 50 of the Complaint.

51.

NBCal admits that it had a contract with a Third Party Payment Processor

which had online payday lender customers, but NBCal denies that it was part of a

scheme or was complicit in illegal activity. NBCal lacks information or knowledge

sufficient to form a belief about the truth of the remaining allegations in Paragraph

51 of the Complaint, and basing its denial on this ground, denies each and every

remaining allegation therein.

52.

NBCal admits that the ACH Network involves batch processing of ACH

transactions and that ACH transactions are transmitted electronically. NBCal lacks

information or knowledge sufficient to form a belief about the truth of the

remaining allegations in Paragraph 52 of the Complaint, and basing its denial on

this ground, denies each and every remaining allegation therein.

53.

NBCal admits that NACHA has established certain privately enforced rules

that govern transactions within the ACH Network and that the Federal Reserve has

promulgated Operating Circular 4, which applies to ACH items processed through the Federal Reserve Bank, and that NACHA manages the development, administration, and rules of the ACH Network. Except as expressly admitted herein, NBCal denies each and every allegation contained in Paragraph 53 of the Complaint.

54.

NBCal admits that NACHA has established certain privately enforced rules that govern transactions within the ACH Network and that according to the introduction of the NACHA Operating Rules and Guidelines, the NACHA Operating Rules provide users with the legal framework for the ACH Network and that the NACHA Operating Guidelines provide guidance on implementing the Rules. NBCal admits that Paragraph 54 quotes portions of the NACHA Operating Rules and Guidelines that speak for themselves, but NBCal alleges that the quotation omits additional relevant language. Except as expressly admitted herein, NBCal denies each and every allegation contained in Paragraph 54 of the Complaint.

55.

NBCal admits that a merchant, including a non-bank lender, cannot transmit an entry to the ACH operator on the ACH Network on its own. NBCal alleges that Paragraph 55 mischaracterizes the NACHA Operating Rules and Guidelines that speak for themselves. Except as expressly admitted herein, NBCal denies each and every allegation contained in Paragraph 55 of the Complaint.

56.

NBCal admits that a merchant, including a non-bank lender, cannot transmit an entry to the ACH operator on the ACH Network on its own. NBCal alleges that Paragraph 56 mischaracterizes the NACHA Operating Rules and Guidelines that speak for themselves. Except as expressly admitted herein, NBCal denies each and every allegation contained in Paragraph 56 of the Complaint.

57.

NBCal admits that an accountholder's bank (the "RDFI") is also a member of the ACH Network and is the entity that actually makes the credit or debit on its customer's checking or savings account and that the ACH Operator processes entries between the ODFI and the RDFI. NBCal alleges that Paragraph 57 mischaracterizes NACHA Operating Rules and Guidelines that speak for

themselves. Except as expressly admitted herein, NBCal denies each and every allegation contained in Paragraph 57 of the Complaint.

58.

NBCal admits that Third Party Service Providers are organizations other than the Originator, ODFI, or RDFI that perform a function on behalf of the Originator, ODFI, or RDFI with respect to the processing of ACH entries and that a Third-Party Sender is a type of Third Party Service Provider that has an ACH agreement with the Originator, and that the ODFI's ACH agreement is with the Third-Party Sender and not the Originator. NBCal alleges that Paragraph 58 mischaracterizes NACHA Operating Rules and Guidelines that speak for themselves. Except as expressly admitted herein, NBCal denies each and every allegation contained in Paragraph 58 of the Complaint.

59.

NBCal alleges that Paragraph 59 mischaracterizes NACHA Operating Rules and Guidelines that speak for themselves. Except as expressly admitted herein, NBCal denies each and every allegation contained in Paragraph 59 of the Complaint.

60.

NBCal admits that Paragraph 60 quotes a 2002 NACHA Policy Statement that speaks for itself, but NBCal alleges that the quotation omits additional relevant context. NBCal alleges that Paragraph 60 mischaracterizes NACHA Operating Rules and Guidelines that speak for themselves. Except as expressly admitted herein, NBCal denies each and every allegation contained in Paragraph 60 of the Complaint.

61.

NBCal admits that Paragraph 61 quotes a portion of the 2013 NACHA Operating Rules and Guidelines that speak for themselves, but NBCal alleges that the quotation omits additional relevant language. Except as expressly admitted herein, NBCal denies each and every allegation contained in Paragraph 61 of the Complaint.

62.

NBCal admits that NACHA Rules require ODFIs to enter into an agreement with either merchant Originators or Third-Party Senders who have agreements with merchant Originators. NBCal admits that Paragraph 62 quotes a portion of the 2013 NACHA Operating Rules and Guidelines that speak for themselves, but

NBCal alleges that the quotation omits additional relevant language. Except as expressly admitted herein, NBCal denies each and every allegation contained in Paragraph 62 of the Complaint.

63.

NBCal admits that Paragraph 63 quotes a portion of the 2013 NACHA Operating Rules and Guidelines that speak for themselves, but NBCal alleges that the quotation omits additional relevant language. Except as expressly admitted herein, NBCal denies each and every allegation contained in Paragraph 63 of the Complaint.

64.

NBCal admits that Paragraph 64 quotes a portion of the 2013 NACHA Operating Rules and Guidelines that speak for themselves, but NBCal alleges that the quotation omits additional relevant language, including misattributing to NACHA Rules a statement about what financial institution regulators, rather than NACHA, may stress. Except as expressly admitted herein, NBCal denies each and every allegation contained in Paragraph 64 of the Complaint.

65.

NBCal admits that Paragraph 65 quotes a portion of the 2013 NACHA

Operating Rules and Guidelines that speak for themselves, but NBCal alleges that

the quotation omits additional relevant language, including that the reference is to

enforcement of the U.S. Treasury Department's Office of Foreign Assets Control

("OFAC") sanctions for international ACH transactions. Except as expressly

admitted herein, NBCal denies each and every allegation contained in Paragraph

65 of the Complaint.

66.

NBCal admits that Paragraph 66 quotes a portion of the 2013 NACHA

Operating Rules and Guidelines that speak for themselves, but NBCal alleges that

the quotation omits additional relevant language. Except as expressly admitted

herein, NBCal denies each and every allegation contained in Paragraph 66 of the

Complaint.

67.

NBCal admits that Paragraph 67 quotes a portion of the 2013 NACHA

Operating Rules and Guidelines that speak for themselves, but NBCal alleges that

the quotation omits additional relevant language. Except as expressly admitted

herein, NBCal denies each and every allegation contained in Paragraph 67 of the Complaint.

68.

NBCal admits that Paragraph 68 quotes portions of the NACHA Operating Rules and Guidelines that speak for themselves, but NBCal alleges that the quotations omit additional relevant language. Except as expressly admitted herein, NBCal denies each and every allegation contained in Paragraph 68 of the Complaint.

69.

NBCal admits that Paragraph 69 quotes a portion of the 2012 NACHA Operating Rules and Guidelines that speak for themselves, but NBCal alleges that the quotation omits additional relevant language, including that the reference is to enforcement of the U.S. Treasury Department's Office of Foreign Assets Control ("OFAC") sanctions. Except as expressly admitted herein, NBCal denies each and every allegation contained in Paragraph 69 of the Complaint.

70.

NBCal admits that Paragraph 70 purports to refer to a March 14, 2013 NACHA Operations Bulletin (ACH Operations Bulletin #2-2013) which had been

superseded by NACHA Operations Bulletin #1-2014 issued on September 30, 2014. NBCal admits that Paragraph 70 quotes a portion of NACHA Operations Bulletin #1-2014 that speaks for itself, but NBCal alleges that the quotation omits additional relevant language and NBCal denies that NACHA Operations Bulletin #1-2014 contains the bolded language. Except as expressly admitted herein, NBCal denies each and every allegation contained in Paragraph 70 of the Complaint.

71.

NBCal admits that Paragraph 71 purports to refer to a March 14, 2013, NACHA Operations Bulletin (ACH Operations Bulletin #2-2013) which had been superseded by NACHA Operations Bulletin #1-2014 issued on September 30, 2014. NBCal admits that Paragraph 71 quotes a portion of NACHA Operations Bulletin #1-2014 that speaks for itself, but NBCal alleges that the quotation omits additional relevant language. Except as expressly admitted herein, NBCal denies each and every allegation contained in Paragraph 71 of the Complaint.

72.

NBCal admits that Paragraph 72 purports to refer to a March 14, 2013 NACHA Operations Bulletin (ACH Operations Bulletin #2-2013) which had been superseded by NACHA Operations Bulletin #1-2014 issued on September 30,

2014, but NBCal denies that Operations Bulletin #1-2014 contains the purported quotation. Except as expressly admitted herein, NBCal denies each and every allegation contained in Paragraph 72 of the Complaint.

73.

NBCal admits that Paragraph 73 quotes a portion of an August 2013 letter from NACHA which speaks for itself, but NBCal alleges that the quotation omits additional relevant language. Except as expressly admitted herein, NBCal denies each and every allegation contained in Paragraph 73 of the Complaint.

74.

NBCal admits that each entry into the ACH Network is coded pursuant to a NACHA entry code that identifies the type of activity the entry represents and that the ACH Network has at least 23 standard entry codes, including "WEB" and "TEL". Except as expressly admitted herein, NBCal denies each and every allegation contained in Paragraph 74 of the Complaint.

75.

NBCal admits that Paragraph 75 paraphrases portions of the 2013 NACHA Operating Rules and Guidelines that speak for themselves, but NBCal alleges that the paraphrases omit additional relevant language. Except as expressly admitted

herein, NBCal denies each and every allegation contained in Paragraph 75 of the Complaint.

76.

NBCal admits that Paragraph 76 quotes a portion of the NACHA Operating Rules and Guidelines that speak for themselves, but NBCal alleges that the quotation omits additional relevant language. Except as expressly admitted herein, NBCal denies each and every allegation contained in Paragraph 76 of the Complaint.

77.

NBCal admits that Paragraph 77 quotes a portion of the NACHA Operating Rules and Guidelines that speak for themselves, but NBCal alleges that the quotation omits additional relevant language. Except as expressly admitted herein, NBCal denies each and every allegation contained in Paragraph 77 of the Complaint.

78.

NBCal admits that Paragraph 78 quotes a portion of the NACHA Operating Rules and Guidelines that speak for themselves, but NBCal alleges that the quotation omits additional relevant language. Except as expressly admitted herein,

NBCal denies each and every allegation contained in Paragraph 78 of the Complaint.

79.

NBCal admits that the Office of the Comptroller of the Currency ("OCC") supervises national banks and supervised NBCal through April 30, 2016. Except as expressly admitted herein, NBCal denies each and every allegation contained in Paragraph 79 of the Complaint.

80.

NBCal admits that Paragraph 80 quotes a portion of an OCC Bulletin (OCC Bulletin 2006-39) that speaks for itself, but NBCal alleges that the quotation omits additional relevant language. Except as expressly admitted herein, NBCal denies each and every allegation contained in Paragraph 80 of the Complaint.

81.

NBCal admits that Paragraph 81 quotes a portion of an OCC Bulletin (OCC Bulletin 2006-39) that speaks for itself, but NBCal alleges that the quotation omits additional relevant language, including the paragraph between the first and second quoted paragraphs. Except as expressly admitted herein, NBCal denies each and every allegation contained in Paragraph 81 of the Complaint.

82.

NBCal admits that Paragraph 82 quotes a portion of an OCC Bulletin (OCC Bulletin 2006-39) that speaks for itself, but NBCAl alleges that the quotation omits additional relevant language, including the paragraph to which the quoted footnote refers. Except as expressly admitted herein, NBCal denies each and every allegation contained in Paragraph 82 of the Complaint.

83.

NBCal admits that Paragraph 83 quotes a portion of an OCC Bulletin (OCC Bulletin 2008-12) that speaks for itself, but alleges that the quotation omits additional relevant language. Except as expressly admitted herein, NBCal denies each and every allegation contained in Paragraph 83 of the Complaint.

84.

NBCal admits that Paragraph 84 quotes a portion of an OCC Bulletin (OCC Bulletin 2008-12) that speaks for itself, but NBCal alleges that the quotation omits additional relevant language. Except as expressly admitted herein, NBCal denies each and every allegation contained in Paragraph 84 of the Complaint.

85.

NBCal admits that Paragraph 85 quotes a portion of an OCC Bulletin (OCC Bulletin 2008-12) that speaks for itself, but alleges that the quotation omits additional relevant language. Except as expressly admitted herein, NBCal denies each and every allegation contained in Paragraph 85 of the Complaint.

86.

NBCal admits that the Federal Deposit Insurance Corporation ("FDIC") regulates state-chartered banks and that NBCal monitored pronouncements and guidance from the FDIC. Except as expressly admitted herein, NBCal lacks information or knowledge sufficient to form a belief about the truth of the allegations in Paragraph 86 of the Complaint, and basing its denial on this ground, denies each and every remaining allegation contained therein.

87.

NBCal admits that Paragraph 87 quotes a portion of an FDIC Financial Institution Letter (FIL-14-2005) which was revised in November, 2015 that speaks for itself, but NBCal alleges that the quotation omits additional relevant language and that Paragraph 87 mischaracterizes it as referring to Third-Party Senders when

it does not. Except as expressly admitted herein, NBCal denies each and every allegation contained in Paragraph 87 of the Complaint.

88.

NBCal admits that Paragraph 88 quotes a portion of an FDIC Financial Institution Letter (FIL-44-2008) that speaks for itself, but NBCal alleges that the quotation omits additional relevant language. Except as expressly admitted herein, NBCal denies each and every allegation contained in Paragraph 88 of the Complaint.

89.

NBCal admits that Paragraph 89 quotes a portion of an FDIC Financial Institution Letter (FIL-44-2008) that speaks for itself, but NBCal alleges that the quotation omits additional relevant language. Except as expressly admitted herein, NBCal denies each and every allegation contained in Paragraph 89 of the Complaint.

90.

NBCal admits that Paragraph 90 quotes a portion of an FDIC Financial Institution Letter (FIL-44-2008) that speaks for itself, but NBCal alleges that the quotation omits additional relevant language. Except as expressly admitted herein,

NBCal denies each and every allegation contained in Paragraph 90 of the Complaint.

91.

NBCal admits that Paragraph 91 purports to refer to a January 31, 2012 FDIC Financial Institution Letter (FIL-3-2012) which had been revised by FIL-41-2014 issued on July 28, 2014, but NBCal denies that FIL-3-2012, as revised, contains the purported quotation. Except as expressly admitted herein, NBCal denies each and every allegation contained in Paragraph 91 of the Complaint.

92.

NBCal admits that Paragraph 92 quotes a portion of an FDIC Financial Institution Letter (FIL-3-2012) that speaks for itself, but alleges that the quotation omits additional relevant language. Except as expressly admitted herein, NBCal denies each and every allegation contained in Paragraph 92 of the Complaint.

93.

NBCal admits that Paragraph 93 quotes a portion of an FDIC Financial Institution Letter (FIL-3-2012) that speaks for itself, but alleges that the quotation omits additional relevant language. Except as expressly admitted herein, NBCal denies each and every allegation contained in Paragraph 93 of the Complaint.

94.

NBCal lacks information or knowledge sufficient to form a belief about the truth of the allegations in Paragraph 94 of the Complaint, and basing its denial on this ground, denies each and every allegation contained therein.

95.

NBCal admits that when it transmitted the entries referred to in Paragraphs 107 and 108 of the Complaint to the ACH operator on the ACH Network on behalf of Third Party Sender it knew that the Originator was CashCall and that CashCall was in the business of making short term consumer loans, but NBCal denies that it knew that CashCall was engaged in the business of making short term consumer loans in states where payday lending was unlawful. Except as expressly admitted herein, NBCal denies each and every allegation contained in Paragraph 95 of the Complaint.

96.

NBCal lacks information or knowledge sufficient to form a belief about the truth of the allegations in Paragraph 96 of the Complaint, and basing its denial on this ground, denies each and every allegation contained therein.

97.

NBCal denies each and every allegation contained in Paragraph 97 of the Complaint.

98.

NBCal lacks information or knowledge sufficient to form a belief about the truth of the allegations in the second sentence of Paragraph 98 of the Complaint, and basing its denial on this ground, denies each and every allegation contained therein. NBCal denies each and every remaining allegation contained in Paragraph 98 of the Complaint.

99.

NBCal lacks information or knowledge sufficient to form a belief about the truth of the allegations in the third sentence of Paragraph 99 of the Complaint, and basing its denial on this ground, denies each and every allegation contained therein. NBCal denies each and every remaining allegation contained in Paragraph 99 of the Complaint.

100.

NBCal denies each and every allegation contained in Paragraph 100 of the Complaint.

101.

NBCal denies each and every allegation contained in Paragraph 101 of the

Complaint.

102.

NBCal admits that ACH debit transaction can be returned for numerous

reasons and that the existence of insufficient funds in the account to be debited and

the lack of authorization are among the reasons why a return may occur. Except as

expressly admitted herein, NBCal denies each and every allegation contained in

Paragraph 102 of the Complaint.

103.

NBCal lacks information or knowledge sufficient to form a belief about the

truth of the allegations in the first sentence of Paragraph 103 of the Complaint and

in footnote 7, and basing its denial on this ground, denies each and every allegation

contained therein. NBCal denies each and every remaining allegation contained in

Paragraph 103 of the Complaint.

104.

NBCal admits that Paragraph 104 quotes a portion of a Financial Crimes

Enforcement Network of the U.S. Department of Treasure Advisory (FIN-2012-

A010) that speaks for itself, but NBCal alleges that the quotation omits additional

relevant language. NBCal alleges that Paragraph 104 mischaracterizes the NACHA

Operating Rules and Guidelines that speak for themselves. Except as expressly

admitted herein, NBCal denies each and every allegation contained in Paragraph

104 of the Complaint.

105.

NBCal denies each and every allegation contained in Paragraph 105 of the

Complaint.

<strong><u>FACTS AS TO PLAINTIFF JESSICA PARM</u></strong>

106.

NBCal lacks information or knowledge sufficient to form a belief about the

truth of the allegations in Paragraph 106 of the Complaint, and basing its denial on

this ground, denies each and every allegation contained therein.

107.

NBCal admits that CashCall was the Originator of a debit of $74.50 initiated

on or about May 3, 2013 for which NBCal was the ODFI. Except as expressly

admitted herein, NBCal lacks information or knowledge sufficient to form a belief

about the truth of the allegations in Paragraph 107 of the Complaint, and basing its denial on this ground, denies each and every allegation contained therein.

108.

NBCal admits that CashCall was the Originator of a debit of $198.19 initiated on or about June 3, 2013 for which NBCal was the ODFI. Except as expressly admitted herein, NBCal lacks information or knowledge sufficient to form a belief about the truth of the allegations in Paragraph 108 of the Complaint, and basing its denial on this ground, denies each and every allegation contained therein.

109.

NBCal admits that it sometimes charged fees to entities with which NBCal contracted to process ACH transactions using NBCal as ODFI, which entities did not include either Plaintiff or Western Sky/CashCall. Except as expressly admitted herein, NBCal denies each and every allegation contained in Paragraph 109 of the Complaint.

## CLASS ACTION ALLEGATIONS

### 110.

Paragraph 110 of the Complaint includes legal conclusions to which no response is required. To the extent any response is required, NBCal admits that Plaintiff purports to bring a class action on behalf of the identified class and subclass, but denies that any claim is properly asserted or is amenable to class certification. Except as expressly admitted herein, NBCal denies each and every allegation contained in Paragraph 110 of the Complaint.

### 111.

Paragraph 111 of the Complaint includes legal conclusions to which no response is required. To the extent any response is required, NBCal admits that Plaintiff purports to bring a class action on behalf of the identified class and subclass, but denies that any claim is properly asserted or is amenable to class certification. Except as expressly admitted herein, NBCal denies each and every allegation contained in Paragraph 111 of the Complaint.

112.

Paragraph 112 of the Complaint includes legal conclusions to which no response is required. To the extent any response is required, NBCal denies each and every allegation contained in Paragraph 112 of the Complaint.

113.

Paragraph 113 of the Complaint includes legal conclusions to which no response is required. To the extent any response is required, NBCal denies each and every allegation contained in Paragraph 113 of the Complaint.

114.

Paragraph 114 of the Complaint includes legal conclusions to which no response is required. To the extent any response is required, NBCal denies each and every allegation contained in Paragraph 114 of the Complaint.

115.

Paragraph 115 of the Complaint includes legal conclusions to which no response is required. To the extent any response is required, NBCal denies each and every allegation contained in Paragraph 115 of the Complaint.

116.

Paragraph 116 of the Complaint includes legal conclusions to which no response is required. To the extent any response is required, NBCal denies each and every allegation contained in Paragraph 116 of the Complaint.

117. - 133.

For Paragraphs 117-133, no response is required because the Court dismissed Plaintiff's First Claim for Relief and Second Claim for Relief by Order entered on May 20, 2015 [Docket # 46]. To the extent any response is required, NBCal denies each and every allegation contained in Paragraph 117-133 of the Complaint.

## THIRD CLAIM FOR RELIEF
### Unjust Enrichment
### (On behalf of the Class and Sub-Class)

134.

NBCal repeats and realleges herein its response to the preceding paragraphs of the Complaint set forth above as though fully set forth herein.

135.

NBCal denies each and every allegation contained in Paragraph 135 of the Complaint.

136.

NBCal denies each and every allegation contained in Paragraph 136 of the Complaint.

137.

NBCal denies each and every allegation contained in Paragraph 137 of the Complaint.

138.

NBCal denies each and every allegation contained in Paragraph 138 of the Complaint.

139.

NBCal denies each and every allegation contained in Paragraph 139 of the Complaint.

140.

NBCal denies each and every allegation contained in Paragraph 140 of the Complaint.

141.

NBCal denies each and every allegation contained in Paragraph 141 of the Complaint.

142.

NBCal denies each and every allegation contained in Paragraph 142 of the

Complaint.

### FOURTH CLAIM FOR RELIEF
### Aiding and Abetting Violations of Georgia Payday Lending Act
### (On behalf of the Sub-Class)

143.

NBCal repeats and realleges herein its response to the preceding paragraphs

of the Complaint set forth above as though fully set forth herein.

144.

Paragraph 144 of the Complaint includes legal conclusions to which no

response is required. To the extent any response is required NBCal admits that

Paragraph 144 quotes a portion of a statute that speaks for itself, but NBCal alleges

that it omits additional relevant language. Except as expressly admitted herein,

NBCal denies each and every allegation contained in Paragraph 144 of the

Complaint.

145.

NBCal lacks information or knowledge sufficient to form a belief about the truth of the allegations in Paragraph 145 of the Complaint, and basing its denial on this ground, denies each and every allegation contained therein.

146.

Paragraph 146 of the Complaint includes legal conclusions to which no response is required. To the extent any response is required NBCal admits that Paragraph 146 quotes a portion of a statute that speaks for itself, but NBCal alleges that the quotation omits additional relevant language. Except as expressly admitted herein, NBCal denies each and every allegation contained in Paragraph 146 of the Complaint.

147.

Paragraph 147 of the Complaint includes legal conclusions to which no response is required. To the extent any response is required NBCal admits that Paragraph 147 quotes a portion of a statute that speaks for itself, but NBCal alleges that the quotation omits additional relevant language, including that relief may only be obtained from any person who violates "subsection (a) or (b) of Code

Section 16-17-2." Except as expressly admitted herein, NBCal denies each and every allegation contained in Paragraph 147 of the Complaint.

148.

NBCal denies each and every allegation contained in Paragraph 148 of the Complaint.

149.

NBCal denies each and every allegation contained in Paragraph 149 of the Complaint.

150.

NBCal denies each and every allegation contained in Paragraph 150 of the Complaint.

151.

NBCal denies each and every allegation contained in Paragraph 151 of the Complaint.

152.

NBCal denies each and every allegation contained in Paragraph 152 of the Complaint.

153.

NBCal denies each and every allegation contained in Paragraph 153 of the Complaint.

154.

NBCal denies each and every allegation contained in Paragraph 154 of the Complaint.

## PRAYER FOR RELIEF

NBCal denies all of the allegations contained in the prayer for relief in the Complaint and specifically denies that Plaintiff and the putative class and sub-class members are entitled to any relief.

## GENERAL DENIAL

Defendant denies all other allegations in the Complaint, specifically including those in the ad damnum clause, except as expressly admitted above and denies that Plaintiff is entitled to any of the relief requested in its prayer for relief.

WHEREFORE, Defendant respectfully requests judgment in its favor and requests that the Court enter an Order dismissing Plaintiff's Complaint in its entirety and with prejudice and awarding Defendant any further and additional relief as the Court deems just and fair.

**WHEREFORE**, NBCal seeks a judgment as follows:

(a)    That Plaintiff take nothing by her Complaint;

(b)    That a class not be certified;

(c)    For costs of suit;

(d)    For attorneys' fees under Georgia Code section 9-15-14, 28 U.S.C.

1927 and any other applicable law; and

(e)    For such other and further relief as this Court deems just and proper.


DATED: October 11, 2016

Respectfully submitted,


By: /s/ Richard L. Robbins
Richard L. Robbins
Georgia Bar No. 608030
*rrobbins@robbinsfirm.com*
Craig G. Kunkes
Georgia Bar No. 963594
*ckunkes@robbinsfirm.com*
ROBBINS ROSS ALLOY
BELINFANTE LITTLEFIELD LLC
999 Peachtree Street NE, Suite 1120
Atlanta, Georgia 30309-3996
Telephone: (678) 701-9381
Facsimile:  (404) 856-3250

John F. Friedemann
California Bar No. 115632
FRIEDEMANN GOLDBERG LLP
420 Aviation Blvd., Suite 201
Santa Rosa, CA  95403
Tel: (707) 543-4900
Fax: (707) 543-4910
*jfriedemann@frigolaw.com*


Stuart H. Singer (pro hac vice pending)
Florida Bar No. 377325
BOIES, SCHILLER & FLEXNER LLP
401 East Las Olas Blvd., Suite 1200
Fort Lauderdale, FL  33301-2211
Tel: (954) 356-0011
Fax: (954) 356-0022
*ssinger@BSFLLP.com*


**Attorneys for Defendant**
**NATIONAL BANK OF CALIFORNIA, N.A.**

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that the foregoing **DEFENDANT NATIONAL BANK OF CALIFORNIA, N.A.'S ANSWER TO CLASS ACTION COMPLAINT** was electronically filed with the Clerk of Court using the CM/ECF system, which automatically serves notification of such filing to all counsel of record.

This 11th day of October, 2016.

 /s/ Richard L. Robbins
Richard L. Robbins